UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY,

    Plaintiff,

v.                   Case No.: 8:08-cv-1228-T-33EAJ

MARK A. DONNELLY AND SCHROEDERS
HOMES, INC.,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), filed on July 28, 2009. (Doc. # 19, the "Motion.") Defendant Donnelly is in default, and Defendant Schroeders Homes failed to file a response to the Motion. (Doc. # 24.) For the reasons that follow, the Motion is due to be granted.

**I.**    **Factual Background and Procedural History**

The following factual discussion, taken from Plaintiff's Complaint, is accepted as true for the purpose of addressing the Motion. Plaintiff Nationwide Mutual Fire Insurance Co. ("Nationwide") is an insurance company incorporated and with its principal place of business in Ohio. (Doc. # 1 at ¶ 3.) Defendant Donnelly is a resident of Florida. (Id. at ¶ 4.) Defendant Schroeders Homes is incorporated and has its

principal place of business in Florida.  (Id. at  ¶ 5.)

In January 2007, Donnelly initiated an arbitration proceeding against Schroeders alleging breach of a construction contract.  (Id. at  ¶ 7.)  In December 2007, Donnelly and Schroeders entered into a settlement agreement as a result of the arbitration.  (Id.)  On January 8, 2008, Donnelly filed suit against Schroeders in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, Case No. 08-99CA, for failure to meet its obligations under the settlement agreement.  (Id. at  ¶¶ 6-7.)  A copy of the complaint filed by Donnelly against Schroeders is attached to Plaintiff's Complaint as Exhibit A.  (Doc. #1-A, the "Underlying Action.")

Schroeders sought indemnity and defense against Donnelly's claims in the Underlying Action pursuant to a commercial general liability policy issued by Nationwide to Schroeders.  (Doc. # 1 at  ¶ 6.)  A copy of the Policy is attached to Plaintiff's Complaint as Exhibit B.  (Doc. #1-B, the "Nationwide Policy" or the "Policy".)  Plaintiff asserts that Policy conditions and exclusions preclude coverage for Schroeders and thus relieve Plaintiff of the duty to indemnify and defend Schroeders in the Underlying Action. (Doc. # 1 at ¶ 9.)

On June 26, 2008, Plaintiff filed a four-count Complaint, seeking declaratory judgment, against Defendants.[1] Count I asserts that Schroeders violated the Voluntary Payments Provision of the Nationwide Policy by assuming an obligation to Donnelly without Plaintiff's consent. (Id. at ¶ 13-14.) Count II asserts that the Underlying Action is not covered by the Nationwide Policy because it is not an "occurrence" as defined in the Policy. (Id. at ¶ 16.) Similarly, Count III asserts that coverage does not extend to the Underlying Action because it does not concern "property damage" as defined in the Policy. (Id. at ¶ 18.) Count IV, asserted in the alternative, alleges that if the Underlying Action is an "occurrence" it is excluded from coverage due to the "impaired property" clause of the Nationwide Policy. (Id. at ¶ 20.)

In each Count of the Complaint, Plaintiff seeks a declaration that it has no duty or obligation to defend or indemnify Schroeders in connection with the Underlying Action. Plaintiff also seeks an award of its costs.

On July 21, 2009, Plaintiff filed the Motion (Doc. # 19.) On August 21, 2009, the Clerk entered Default against Donnelly

---

[1] Plaintiff asserts that Donnelly is appropriately named as a Defendant because Donnelly has an interest in any insurance coverage available to Schroeders should Donnelly obtain a judgment against Schroeders in the Underlying Action.

due to his failure to respond to the Complaint. (Doc. # 20). Schroeders filed its Answer and Affirmative Defenses to the Complaint on August 25, 2008. (Doc. # 5.) However, neither Schroders nor Donnelly filed a response in opposition to the Motion, despite an Order from this Court, entered on August 26, 2009, warning that such Motion would likely be granted as unopposed in the absence of a response. (Doc. # 21.)

## II. Standard of Review

A motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998)(citing Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996) and Herbert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990)). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant." Id. "The complaint may not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Slagle, 102 F.3d at 497 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. Analysis

### A. Consideration of the Pleadings

As a threshold matter, the Court notes the Motion has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[2] "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). The incorporation by reference doctrine allows the Court to consider a document attached to the pleadings without converting a Rule 12(c) motion into a motion for summary judgment if the document is central to the claim and its authenticity is not challenged. Dawley v. NF Saving Corp. of Am., 6:07-cv-872-Orl-DAB, WL 4534263, at *1 (M.D. Fla. Oct. 6, 2008).

---

[2] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent by such a motion . . ." Fed. R. Civ. P. 12(c); see Bankers Ins. Co., 137 F.3d at 1295 (stating that a court may consider judicially noticed facts as an exception to the conversion and notice rules).

Here, the Court has considered only the Complaint (Doc. # 1), Exhibits A and B to the Complaint (the Underlying Action and the Nationwide Policy), and Defendant Schroeders' Answer (Doc. # 5). It cannot be disputed that Exhibits A and B are central to Plaintiff's claims against Defendants. The parties have not questioned the authenticity of these documents.

**B.  The Policy's Voluntary Payments Provision**

In Count I, Plaintiff alleges that Schroeders breached the Voluntary Payments Provision of the Nationwide Policy when it entered into a substantial settlement agreement with Donnelly without Plaintiff's knowledge or consent. (Doc. # 19 at ¶ 20.)  The Nationwide Policy states, in pertinent part, that "[n]o insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent." (Id. at ¶ 19.)  Plaintiff contends that Schroeders' breach of its duties under the Voluntary Payments Provision relieves Plaintiff of its duty to indemnify and defend Schroeders. (Id. at  ¶ 12.)

Plaintiff cites abundant case law supporting its argument that violation of the Voluntary Payments Provision operates to exclude coverage for the Underlying Action.  In particular, Zurich Am. Ins. Co. v. Frankel Enter., 287 F. Appx. 775 (11th

6

Cir. 2008), is factually similar to the instant case. In Zurich, a real estate developer sought coverage under a commercial general liability policy for a settlement agreement it reached with a home buyer. Id. at 777. The insurance policy in the Zurich case contained a voluntary payment provision that is identical to the one in the present case. The insurer denied coverage because the insured had entered into the settlement agreement without obtaining the insurer's authorization as required by the policy. Id. The district court granted summary judgment in favor of the insurer, and the Eleventh Circuit affirmed. Id. at 779.

The Court is persuaded that Schroeders breached the Voluntary Payments Provision of the Nationwide Policy when it entered into the settlement agreement with Donnelly, and that the breach operated to relieve Plaintiff of its duty to indemnify and defend Schroeders. Thus, the Court grants the Motion, as to Count I of the Complaint, on the basis that the Underlying Action is excluded from coverage under the Nationwide Policy.[3]

---

[3] Although Plaintiff requests that the Court enjoin, abate or otherwise stay the proceedings in the Underlying Action pending resolution of the issues raised in the Motion, the Court declines to interfere with state court proceedings and addresses only the instant case.

Plaintiff asserts other arguments in support of the Motion, including, but not limited to, the argument that the allegations in the Underlying Complaint do not constitute an "occurrence" or "property damage" as those terms are defined in the Policy. However, because the Court has determined that Plaintiff does not owe Schroders the duty to defend or indemnify, it is not necessary to address Plaintiff's additional arguments. Upon due consideration, the Court grants Plaintiff's Motion.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiff's Motion for Judgment on the Pleadings (Doc. # 19) is **GRANTED**.
2. The Court finds that Plaintiff has no duty or obligation to indemnify or defend Schroeders in the Underlying Action.
3. The Clerk is directed to enter judgment accordingly and to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this <u>28th</u> day of October 2009.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel an Parties of Record